IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beverly Leeann Collopy, parent and natural guardian of Minor Jane Doe, Minor Mary Doe and Minor Michael Doe; Stephen M. Collopy, parent and natural guardian of Minor Mary Doe and Minor Michael Doe, parental figure for Minor Jane Doe; Jane Doe, a minor child; Mary Doe, a minor child; and Michael Doe, a minor child, | Civil Action No: 8:15-cv-981-BHH-KFM |
| Plaintiffs, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| South Carolina Department of Social Services; Glenn Farrow, in his individual and professional capacities; Anderson County Department of Social Services; South Carolina Out of Home Abuse and Neglect; Gary Rice, in his individual and professional capacities; The Mentor Network; Jeff Shelton, in his individual and professional capacities; Crystal Jackson, in her individual and professional capacities; Megan Overton, in her individual and professional capacities; Janean Thomason, in her individual and professional capacities; Brandi Gray, in her individual and professional capacities; Carolyn Lee Ruiz, in her individual and professional capacities; Jario Alonso Ruiz, in his individual and professional capacities; Anderson County Sheriff's Department; Michelle Hendrix, in her individual and professional capacities; Anderson County District 5; | |

| | |
|---|---|
| Travis Chapman, in his individual and professional capacities; | ) ) |
| Ruthie Parnell, in her individual and professional capacities; | ) ) |
| Sheila Knight; | ) |
| Tommy Taylor; | ) |
| John Doe One, a minor child; | ) |
| Cynthis McCormick; | ) |
| Darwin McCormick; | ) |
| Matthew McCormick; | ) |
| John Doe 2-10, | ) |
| Defendants. | ) ) |

This matter is before the court on numerous motions filed by the defendants and the plaintiffs. As some defendants are proceeding *pro se*, all pre-trial matters in this case have been referred to a United States Magistrate Judge for consideration, pursuant to Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

The plaintiffs, through their counsel, filed a lengthy complaint (doc. 1) in March 2015 alleging that the 32 captioned defendants engaged in unlawful and/or tortious conduct toward the Collopy family. Twelve causes of action are set forth in the complaint as follows: the federal claims of (1) violation of due process and (2) violation of equal protection; the state claims of (3) assault, (4) battery, (5) intentional infliction of emotional distress, (6) invasion of privacy, (7) loss of consortium, (8) defamation, (9) civil conspiracy, (10) malicious prosecution, and (11) abuse of process; and an additional claim entitled (12) "probable cause" (doc. 1 at 21-28).

The defendants have filed motions to dismiss for failure to state a claim (docs. 23, 27, 43, 44, 84) seeking dismissal *with prejudice*. A hearing on the defendants' motions was held before the undersigned on August 27, 2015. On September 4 and October 8, 2015, the plaintiffs, through their counsel, filed two motions to dismiss certain defendants *without prejudice* (docs. 72, 94), and, on October 7, 2015, the plaintiffs filed a *pro se* motion

2

to dismiss their case in its entirety *without prejudice* (doc. 91).  The plaintiffs' counsel filed a motion to withdraw as attorney (doc. 95) on October 8, 2015, and several defendants filed a motion for pretrial status conference (doc. 98) on October 12, 2015.

A hearing on the later-filed motions was held before the undersigned on October 28, 2015.  In an *ex parte* portion of that hearing, the undersigned heard the plaintiffs and their counsel on counsel's motion to withdraw as attorney.  During that exchange, it became clear to the undersigned that the attorney-client relationship between the plaintiffs and their counsel is irrevocably broken and has been so for some time.  The plaintiffs made clear that they do not wish to proceed with their case (*see* doc. 91).  While the defendants agree with dismissal, they argue that such dismissal should be *without prejudice*.  Given the court's concern regarding counsel's representation of the plaintiffs thus far in this matter, the undersigned recommends that the district court grant the plaintiffs' *pro se* motion for voluntary dismissal *without prejudice* (doc. 91) pursuant to Federal Rule of Civil Procedure 41(a)(2).  Should the district court adopt this recommendation, all other pending motions (docs. 23, 27, 43, 44, 72, 84, 94, 95, 98) will be rendered moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald  
United States Magistrate Judge

October 28, 2015  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).